IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANICE M. MADDY )
)
    Plaintiff, )
)
-vs- ) Civil Action 18-261
)
ANDREW M. SAUL, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Janice M. Maddy ("Maddy") brought this action for review of the final decision of the Commissioner of Social Security denying her claim for a period of disability and disability insurance benefits ("DIB"). Maddy contends that she became disabled on August 20, 2014. (R. 10) She was represented by counsel at a hearing before an Administrative Law Judge ("ALJ") during which both she and a vocational expert ("VE") appeared and testified. (R. 10) Following the hearing the ALJ received additional evidence which was admitted into the record. (R. 10) Ultimately, the ALJ denied benefits. (R. 10) Maddy subsequently filed a Request for Review with the Appeals Council. The Appeals Council denied the request. (R. 1-6) Maddy then filed this appeal. The parties have filed Cross-Motions for Summary Judgment. See ECF Docket Nos. 11 and 15.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I

may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

Here, at step one, the ALJ determined that Maddy had not engaged in substantial gainful activity since her onset date of August 20, 2014 through her date last insured of December 31, 2017. (R. 12) At step two, the ALJ concluded that Maddy has had the following medically determinable impairments: osteoarthritis, lumbar spine degenerative disc disease, diabetes mellitus, obesity and asthma. (R. 12-14) At step three, the ALJ found that those impairments, considered singly or in combination, do not meet or medically equal the severity of a listed impairment. (R. 15) The ALJ then determined that Maddy had the residual functional capacity ("RFC") to perform light work, with certain restrictions. (R. 15-20) At the fourth step, the ALJ concluded that Maddy can perform her past relevant work as a circuit board assembler. (R. 20-21) Consequently, the ALJ found that Maddy was not under a disability during the relevant period. (R. 21)

III. Discussion

Maddy raises two challenges to the ALJ's RFC findings. First, she urges that the RFC fails to account for the ALJ's own findings regarding a non-severe anxiety impairment at the second step of the analysis. Second, she contends that the RFC is

not supported by substantial evidence of record. For the reasons set forth below, I reject both contentions.

    A.  Mild Limitations Associated with Anxiety Disorder

At the second step of the analysis, the ALJ determined that although Maddy's anxiety constitutes a medically determinable impairment, it does not cause more than minimal limitation in her ability to perform basic mental work activities. (R. 13) Consequently, the impairment is "non-severe." (R. 13) Maddy urges that in formulating the RFC, the ALJ was obligated to consider her anxiety, even though it was a non-severe impairment.[1]

I agree that an ALJ must consider all impairments, whether severe or not, in assessing a claimant's RFC. *Kobulnicky v. Astrue*, Civ. No. 11-1349, 2013 WL 1290955, at * 7 (W.D. Pa. March 27, 2013) (stating that, even if substantial evidence supported the ALJ's Step Two finding that a claimant's mental impairments were not severe, the ALJ is "required to analyze what limitations her non-severe impairments cause in constructing his RFC finding."); *see also* 20 C.F.R. § 404.1545(a)(2). "[T]he RFC must consider all functional limitations, including mild limitations from impairments that the ALJ has previously determined to be non-severe." *Zapata-Alvarez v. Colvin*, Civ. No. 14-2830, 2015 WL 5179477, at * 7 (E.D. Pa. Sept. 4, 2015); *Curran v. Astrue*, Civ. No. 11-5894, 2012 WL 5494616, at * 5 (E.D. Pa. Nov. 13, 2012). Although a non-severe impairment alone "may not significantly limit an individual's ability to do basic work activities, it may - when considered with limitations or restrictions due to other impairments – be critical to the outcome of the claim." S.S.R. 96-8p. The responsibility for deciding a claimant's RFC rests with the ALJ and is based on the entire record. 20

---

[1] Maddy does not challenge the ALJ's finding at step two, that her anxiety was a non-severe impairment.

4

C.F.R. §§ 404.1545, 404.1546. In making an RFC assessment, the "ALJ must describe how the evidence supports his conclusion and explain why certain limitations are not accepted as consistent with the medical or other evidence." *Noah v. Astrue*, Civ. No. 12-091, 2013 WL 364235, at * 2 (W.D. Pa. Jan. 30, 2013) (citations omitted). Here, the ALJ acknowledged as much. (R. 15) (stating that, "[i]n making this finding, the undersigned has considered *all* symptoms….") (emphasis added).

Further, the assessment of mental impairments done at Step Four is qualitatively different than that done at Step Two. "The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in [the] paragraph[ ] B [criteria] …." *Booker v. Colvin*, Civ. No. 14-4984, 2017 WL 914911, at * 6 (E.D. Pa. March 7, 2017). As stated by the Third Circuit Court: the psychiatric review techniques described in 20 C.F.R. § 404.1520a and 416.920a on the:

> Psychiatric Review Technique Form (PRFT) requires adjudicators to assess an individual's limitations and restrictions from a mental impairment(s) in categories identified in the "paragraph B" and "paragraph C" criteria of the adult mental disorders listings. The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRFT.

*Ramirez v. Barnhart*, 372 F.3d 546, 551 (3d Cir. 2004), *citing* SSR 96-8p.

The question before me then, is whether the ALJ discharged this duty. I find that the ALJ did. The ALJ noted that, in formulating the RFC, she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with

5

the objective medical evidence and other evidence…." (R. 15) Indeed, the ALJ specifically acknowledged Maddy's claims that "she experiences recurring anxiety, panic attacks, and stress. She mentioned that her stress has been related to several deaths in her family. The claimant expressed concern that she tends to have poor concentration and becomes emotional at times." (R. 16) Yet the ALJ found that Maddy's statements in this regard were not entirely consistent with the evidence of record. (R. 16) That finding is supported by substantial evidence of record. There is no opinion of record indicating that Maddy's anxiety results in any specific functional limitations. Further, Maddy never treated with a mental health specialist. There are no medical records suggesting that Maddy received inpatient or emergent mental health services. Rather, she presented only to her primary care physician and received the same antidepressant medication throughout treatment. (R. 14, 16, 291) Her primary physician's records do not contain any notations regarding mental health findings, nor does Maddy identify any. It is well-established that the ALJ "need only include in the RFC those limitations which he finds credible." *Garrett v. Comm'r. of Soc. Sec.*, 274 Fed. Appx. 159, 163 (3d Cir. 2008) To the extent that the ALJ omitted from the RFC any restrictions related to Maddy's anxiety, she did so because she found those limitations were not credible. I find that the ALJ incorporated into the RFC all the limitations that were credibly established, and that substantial evidence supports her findings in this regard.

  B.  RFC

  Maddy also challenges the RFC. She urges that her testimony and the record evidence establish that she has a limited ability to sit, stand and walk for prolonged periods and that the ALJ erred in failing to account for these limitations in the RFC.

Maddy points to evidence which she contends supports her position. Yet the question before me is not:

> whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's findings…. Substantial evidence could support both Plaintiff's claims and the ALJ's finding because substantial evidence is less than a preponderance. *Jesurum v. Sec'y. of Health & Human Services*, 48 F.3d 114, 117 (3d Cir. 1995) (*citing, Richardson v. Perales*, 402 U.S. 389, 401) (1971)). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003).

*Hundley v. Colvin*, 2016 WL 6647913, at * 2 (W.D. Pa. Nov. 10, 2016). Consequently, Maddy's arguments in this respect are not convincing.

Additionally, that Maddy may have testified and / or reported to medical providers that she cannot sit or stand for very long due to pain and that she spends most of her day on the couch as a result is not determinative. As set forth above, the ALJ found that Maddy's statements concerning the intensity, persistence, and limiting effects of her symptoms are not entirely consistent with the medical evidence and other evidence in the record. (R. 16) Further, the medical records support the ALJ's findings in this regard. For instance, as the ALJ noted, a July 2017 study showed "minimal degenerative changes at L2-L3 with normal disc spaces" and earlier imaging studies of the cervical spine and left knee revealed only minimal degenerative changes. (R. 16, *citing* Exhibits 2F, 5F) Moreover, as the ALJ noted, Maddy's pain treatment consisted chiefly of medication rather than invasive procedures. (R. 17) During the consultative examination, Maddy displayed 5/5 strength in the upper and lower extremities "with no muscle atrophy, had no sensory deficits, had normal range of motion in the knees, hips, and ankles with negative straight leg raising bilaterally, exhibited a normal gait, walked

on the heels and toes without difficulty, squatted fully, and needed no help changing for the examination, getting on and off the examination table, and arising from a chair without difficulty." (R. 16, *citing*, Exhibit 4F) The expert opinions similarly supported the ALJ's conclusions. Dr. Khan's opined that, during an 8-hour workday, Maddy could stand for up to 4 hours, walk for up to 2 hours, and sit for up to 8 hours, with 2 hours continuous standing at a time, 1 hour continuous walking at a time, and 8 hours continuous sitting at a time. (R. 18) Similarly, Dr. Kar, the state agency medical consultant, opined that Maddy could stand and / or walk, with normal breaks, for about 6 hours in an 8-hour workday and could sit, with normal breaks, for about 6 hours in an 8-hour workday. (R. 19) Further, contrary to Maddy's suggestions, Dr. McKendree, her treating physician, did not opine that she was unable to stand and walk for 6 hours of an 8-hour workday. *See* ECF Docket No. 12, p. 10. Rather, Dr. McKendree offered no opinion regarding sit / stand / walk limitations. Moreover, he found Maddy's statements regarding her symptoms only "partially credible"; declined to label the symptoms as "disabling"; and opined that it was "unknown" whether Maddy's stomach, leg, knee and back pain would require her to go off task for unscheduled breaks during the day or would cause her to limit her activities in an effort to relieve her symptoms. (R. 341-42) Because the ALJ's RFC is supported by substantial evidence of record, I find no basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANICE M. MADDY | ) | |
|     Plaintiff, | ) | |
| | ) | |
|  -vs- | ) | Civil Action No. 18-261 |
| | ) | |
| ANDREW M. SAUL, | ) | |
| | ) | |
|     Defendant. | ) | |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 31st day of January, 2020, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 15) is GRANTED and the Motion for Summary Judgment (Docket No. 11) is DENIED. It is further ORDERED that the Clerk of Court mark this case "Closed" forthwith.

                                        BY THE COURT:

                                        /s/ Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge